**Mary LAMB–BOWMAN, Appellant,**

v.

**DELAWARE STATE UNIVERSITY; Dr. William B. Delauder, individually and in his official capacity as President; John C. Martin, individually**

156 F.Supp.2d at 432.

and in his official capacity as Former Athletic Director; William Collick, individually and in his official capacity as Athletic Director.

No. 01–2045.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 28, 2002.

Filed June 28, 2002.

Before ROTH and FUENTES, Circuit Judges KATZ *, District Judge.

* Honorable Marvin Katz, District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

ROTH, Circuit Judge.

Mary Lamb–Bowman appeals a final order of the United States District Court for the District of Delaware granting Delaware State University's motion for summary judgment. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of a motion for summary judgment. *See Metro Transp. Co. v. North Star Reinsurance Co.*, 912 F.2d 672, 678 (3d Cir.1990). In our review of the grant of summary judgment, we view all reasonable inferences in a light most favorable to the nonmoving party. *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir.1997). Summary judgment may be granted where there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c).

Lamb–Bowman raises two issues for appeal: (1) that the District Court erred in denying her sex discrimination claims under Title VII of 42 U.S.C. § 1983, and (2) that the District Court erred in denying her retaliation claims under Title VII of 42 U.S.C. § 1983. For the reasons below, we will affirm the judgment of the District Court.

The first issue is whether the District Court erroneously found that Lamb–Bowman did not have a sex discrimination claim under Title VII of 42 U.S.C. § 2000e(a)(1). To have a prima facie claim of Title VII discrimination, a plaintiff must show: (1) that she is a member of a protected class, (2) that she suffered some form of adverse employment action, and (3) that this action occurred under circumstances that give rise to an inference of unlawful discrimination such as might occur when a similarly situated person not of the protected class is treated differently. *Boykins v. Lucent Technologies, Inc.*, 78 F.Supp.2d 402, 409 (E.D.Pa.2000) (citing *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir.1999)).

■ The District Court found that Lamb–Bowman did not establish a prima facie case of sex discrimination under Title VII. She did not demonstrate that she suffered discrimination based on her sex. Her allegations of sex discrimination were based, by her own account, on her opposition to DSU's funding and resource disparities between the women's and men's athletic programs and to DSU's discrimination toward all persons associated with women's athletics. These allegations fail to establish that she was discriminated against because of her sex. Although Lamb–Bowman alleges that she was subjected to adverse employment actions, these actions were aimed at persons involved in women's athletics; those persons included men. While such allegations might be relevant to a Title IX claim, they do not satisfy the third element of a prima facie case of sex discrimination under Title VII. Therefore, Lamb–Bowman's sex discrimination claims fail.

■ The second issue is whether the District Court erroneously found that Lamb–Bowman did not have a retaliation claim under Title VII of 42 U.S.C. § 2000e–3. To have a prima facie claim of Title VII discrimination, a plaintiff must show: (1) that she engaged in a protected activity, (2) that the defendants took adverse employment action against her, and (3) that there is a causal link between the protected activity and the adverse action. *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir.1999).

The District Court found that Lamb–Bowman's retaliation claims potentially violate Title IX, but not Title VII, therefore barring her claims under Title VII. Her Titl IX claims were time-barred and thus dismissed. Once more, her allegations involve retaliation against her for her opposition to disparities between the women's and men's athletic programs at DSU. Again, we conclude that the District Court properly awarded summary judgement to DSU because such an adverse employment action would be potentially protected under Title IX and not Title VII.

For the foregoing reasons, we will affirm the judgment of the District Court.